IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALESHEA DAVENPORT,

     Plaintiff,

     v.                                 Case No. 14-2527

UNITED STATES DEPARTMENT OF
TREASURY,

     Defendant.

## MEMORANDUM AND ORDER

Plaintiff Aleshea Davenport, proceeding pro se and in forma pauperis, brought this claim against defendant United States Department of Treasury, primarily alleging fraud with respect to her Social Security benefits. Plaintiff checked approximately fifty boxes under "nature of the suit" on her civil cover sheet (Doc. 2). The bases for her complaint include 28 U.S.C. § 1983, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. (Doc. 1 at 3.) Plaintiff appears to be claiming that the government is improperly withholding her Social Security benefits.[1] The matter is before the court on defendant's motion to dismiss (Doc. 10), which was filed on January 22, 2015, and argues this court lacks subject matter jurisdiction over plaintiff's claims and, alternatively, plaintiff failed to state a claim upon which relief can be granted. Defendant also requests the court deny plaintiff the opportunity to amend on the basis of futility. Plaintiff has yet to respond to that motion.

**I. Legal Standards**

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] In doing so, she states the government "tried [sic] to kill me you did not succeed you have killed at least 40 people in my family." (Doc 1 at 4.)

-1-

When a party challenges the court's subject matter jurisdiction in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the party is presenting either a facial or factual attack on the claims. A facial attack is an attack on the sufficiency of the complaint, where the court accepts plaintiff's allegations as true; a factual attack challenges the facts supporting subject matter jurisdiction, where the court does not presume that the factual allegations are true, but rather must resolve these facts under Rule 12(b)(1). *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). The court may review affidavits and other documents in order to resolve the jurisdictional question. *Id*.

## II. Discussion

Although plaintiff alleges jurisdiction under the ADEA and the ADA, plaintiff's claims of fraud and battery are torts. It is the Federal Torts Claims Act ("FTCA") that "provides the exclusive remedy for tort actions against the federal government, its agencies, and employees." *Wexler v. Merit Sys. Prot. Bd.*, No. 92-1194, 1993 WL 53548, at *2 (Feb. 17, 1993) (citing *Ascot Dinner Theatre Ltd. v. Small Bus. Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989) (additional citations omitted)). As such, the proper party to a suit involving FTCA claims is the United States, not the government agency. *Hunt v. United States*, No. 01-2462-KHV, 2002 WL 553736, at *1 (D. Kan. Apr. 4, 2002) (citing *Wexler*, 1993 WL 53848, at *2). "[F]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Wexler*, 1993 WL 53848, at *2 (citing *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (additional citations omitted)). When plaintiff asserts torts claims against an agency, and not the United States, the court lacks subject matter jurisdiction to hear her tort claims. *Id*. (quotation omitted).

Even if plaintiff had properly named the United States in her complaint, this court lacks subject matter jurisdiction over her torts claims under the FTCA because she failed to exhaust her

administrative remedies as to those claims.  When bringing claims against the United States, the United States must consent to waive its sovereign immunity before it can be sued.  *Hunt*, 2002 WL 553736 at *1 (citing *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245-46 (10th Cir. 1989)).  The FTCA reflects the government's consent to be sued in certain instances, removing the sovereign immunity of the United States, which gives district courts exclusive jurisdiction to hear suits involving tort claims.  *See* 28 U.S.C. §§ 1346(b), 2674; *Levin v. United States*, __ U.S. __, 133 S. Ct. 1224, 1228 (2013).  It imposes liability on the United States "to the same extent as a private individual" under the law in the place the tort occurred.  *Id*. (quoting 28 U.S.C. § 1346(b)(1)).

There are, however, limitations to the United States's sovereign immunity.  28 U.S.C. § 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  Courts cannot waive the jurisdictional prerequisite set forth by Congress in § 2675(a).  *See Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir. 1993) ("[U]nless plaintiff first presented her claims to the proper federal agency and that agency finally denied them, the district court would not have had jurisdiction over plaintiff's FTCA claim.").

Here, plaintiff has not demonstrated that she exhausted her administrative remedies with respect to her FTCA claims.  Plaintiff bears the burden of demonstrating why the matter should not be dismissed if the opposing party challenges the court's jurisdiction.  *Lorenzen v. United States*, 236 F.R.D. 553, 557 (10th Cir. 2006) (citation omitted).  At best, plaintiff's complaint (Doc. 1) and civil cover sheet (Doc. 2) give conflicting information.  Plaintiff indicates she has exhausted her administrative procedures, but she does not state when or before what agency she presented her

claim(s).  (Doc. 1 at 5.)  She also answered "10-16-2014" as the reason she has not presented her claim to any government agency.[2]  (*Id.*)  Until plaintiff undergoes a proper agency review of her federal torts claims, and receives a final agency determination with a right to sue letter indicating to this court that she has exhausted her administrative remedies, this court lacks subject matter jurisdiction over her FTCA claims.  28 U.S.C. § 2675(a).

Finally, even if plaintiff had named the United States as the defendant in this case, and even if she had exhausted her administrative remedies in the manner required by the FTCA, her claims for fraud, attempted murder, and murder are barred by sovereign immunity.  *See Vaupel v. United States*, No. 07-CV-01443-PAB-KLM, 2011 WL 2144608, at *2 (D. Colo. May 31, 2011) (noting that fraud is excepted from the FTCA's waiver of sovereign immunity, and therefore "the Court does not have jurisdiction over plaintiff's fraud claim, and it would be futile to allow amendment of this claim as it is subject to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)."), *aff'd*, 491 F. App'x 869 (10th Cir. 2012).

Similarly, to the extent plaintiff alleges attempted murder and murder (which the court has construed as claims of battery), it is well settled that intentional tort claims against the United States are barred by sovereign immunity.  *See* 28 U.S.C. § 2680(h) (stating that waiver of sovereign immunity does not extend to claims arising out of assault, battery or other specified intentional tort claims); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 955 (10th Cir. 2007) ("As for Greenlee's allegations that the Postal Service has intentionally and directly harmed him and his property, his claims fall outside the FTCA—and the district court's jurisdiction—because of the FTCA's intentional tort exception.").

---

[2] While plaintiff enclosed a charge of discrimination that she purportedly filed with the Equal Employment Opportunity Commission (Doc. 1 at 9), her claims do not concern employment discrimination.  Moreover, to the extent plaintiff alleges an employment-related claim, she did not exhaust her administrative remedies with the Equal Employment Opportunity Commission, as she filed this suit a day later.

To the extent plaintiff asserts a *Bivens* or constitutional tort claim against the United States, that claim is also barred by sovereign immunity. *See Greenlee v. U.S. Postal Serv.*, No. 05-2509 JWL, 2006 WL 2460645, at *1 (D. Kan. Aug. 23, 2006) (*citing FDIC v. Meyer*, 510 U.S. 471, 484–85 (1994).

In sum, the court lacks subject matter jurisdiction over plaintiff's claims, as plaintiff's claims are barred by sovereign immunity and plaintiff failed to exhaust her administrative remedies under the FTCA. Defendant requests the court dismiss this case without an opportunity to amend because it would be futile. Generally, if plaintiff requested, this court would grant plaintiff leave to amend her complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"). However, the court agrees with defendant that it would be futile for the court to grant such a request in this case. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Plaintiff's complaint lacks basic facts and her civil cover sheet checks nearly fifty boxes as the "nature of the suit." Accordingly, the court dismisses this action without the opportunity to amend.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 10) is granted.

The case is closed.

Dated this 25th day of March, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
